IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KIM COLLINS                                                                                      PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:16-cv-00007-GHD-DAS

MATTHEW HOOD, Individually,
and in his Official Capacity as a
Mississippi Highway Patrol Trooper                                                               DEFENDANT

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS**

Presently before the Court is a motion to dismiss [9] filed by Defendant Matthew Hood, individually and in his official capacity as a Mississippi Highway Patrol Trooper. Plaintiff has not filed a response in opposition. The matter is now ripe for review. Upon due consideration, the Court finds that the motion must be granted in part and denied in part, as follows.

*I.     Factual and Procedural Background*

In this 42 U.S.C. § 1983 case, Plaintiff Kim Collins ("Plaintiff") sues Defendant Matthew Hood, individually and in his official capacity as a Mississippi Highway Patrol Trooper ("Defendant").[1] Plaintiff alleges that during a traffic stop and arrest in January 2013, Defendant violated Plaintiff's First Amendment right to free speech; Fourth Amendment rights to be free from unreasonable seizure and excessive force; and Fourteenth Amendment due process rights. Plaintiff also asserts a "tort" claim under federal law for which she seeks "damages for all intentional, reckless, or negligent actions of [Defendant] which caused physical injury to [Plaintiff]." Pl.'s Compl. ¶ 25. Plaintiff seeks compensatory and punitive damages.

---

[1] Plaintiff initially named two additional Defendants: the State of Mississippi and the Mississippi Highway Patrol. However, Plaintiff voluntarily dismissed her claims against these Defendants with the filing of her amended complaint [5].

1

At the time of the events giving rise to this suit, Plaintiff was convicted of resisting arrest, disorderly conduct, speeding, disturbing the peace, and public profanity in the Circuit Court of Monroe County. She appealed those convictions to the Mississippi Court of Appeals.

On May 3, 2016, Defendant filed the present motion to dismiss pursuant to sovereign immunity, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As stated above, the motion is unopposed.

On June 27, 2017, the Mississippi Court of Appeals issued a decision affirming the Circuit Court of Monroe County as to the speeding conviction, but reversing that court as to the four other misdemeanor convictions, as follows: resisting arrest, disorderly conduct, public profanity, and disturbing the peace. *See* Miss. Ct. of Appeals' Disposition [14-1] at 10.

## *II. Analysis and Discussion*

Defendant argues in his motion to dismiss that under Rule 12(b)(1), Plaintiff's official-capacity claims against him must be dismissed due to sovereign immunity; and that under Rule 12(b)(6), the individual-capacity claims against him must be dismissed based on *Heck v. Humphrey*. Plaintiff, as stated above, does not oppose this motion. The Court addresses each argument for dismissal in turn.

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This " 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.' " *Id.* at

860–61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *accord Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

Pursuant to Rule 12(b)(1), Defendant argues that the Eleventh Amendment bars suit on all claims against him.

"The Eleventh Amendment strips courts of jurisdiction over claims against a state that

has not consented to suit." *Pierce v. Hearn Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). Sovereign immunity is a broad jurisdictional doctrine prohibiting suit against the government absent the government's consent. Sovereign immunity was assumed at common law, brought from England to the colonies, and existed prior to the ratification of the United States Constitution. Although the term "sovereign immunity" nowhere appears in the Constitution, the concept was perhaps woven into the very fabric of the document. Andrew Hamilton explained:

> It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. This is the general sense, and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every State in the Union.

THE FEDERALIST NO. 81, at 511 (Alexander Hamilton) (Wright ed., 1961). At the Virginia ratifying convention, James Madison stated: "Jurisdiction in controversies between a state and citizens of another state is much objected to, and perhaps without reason. It is not in the power of any individuals to call any state into court." 3 DEBATES ON THE FEDERAL CONSTITUTION 533 (J. Elliot 2d ed., 1854). At that same convention, John Marshall stated: "With respect to disputes between a state and the citizens of another state, its jurisdiction has been decried with unusual vehemence. I hope no gentleman will think that a state will be called at the bar of the federal court." 3 *id.*, at 555.

Despite the long-standing principle of sovereign immunity, in 1793, the United States Supreme Court held that a state could be sued by a citizen of another state or a foreign country. *See Chisolm v. Georgia*, 2 Dall. 419, 1 L. Ed. 440 (1793). But five years later, the states ratified

the Eleventh Amendment, which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *SEE* C. JACOBS, THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY 64–75 (1972). The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.), *cert. denied*, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (citations omitted). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119–21, 104 S. Ct. 900.

State immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)); *Pennhurst*, 465 U.S. at 117, 104 S. Ct. 900. The Mississippi Highway Patrol is an arm of

the State of Mississippi. *See Henley v. Simpson*, 527 F. App'x 303, 304 (5th Cir. 2013) (per curiam).

Based on all of the foregoing, in the case *sub judice*, the official-capacity claims against Defendant, a state official as a Mississippi Highway Patrol Trooper, are barred under the Eleventh Amendment.

There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress; (ii) waiver or consent to suit by the state; or (iii) the state's amenability to suit under the *Ex parte Young* doctrine. The Court examines each possible exception below.

### (i) Abrogation

Abrogation, which is the first exception to Eleventh Amendment immunity, applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity via Section 5 of the Fourteenth Amendment. *Duncan v. Univ. of Tex. Health Sci. Ctr. at Houston*, 469 F. App'x 364, 366 (5th Cir. 2012) (per curiam) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)). Congress has not abrogated Section 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Accordingly, abrogation does not apply as an exception to Eleventh Amendment immunity on any of Plaintiff's claims against the Defendant in the case *sub judice*.

### (ii) Waiver/Consent to Suit

The second exception to Eleventh Amendment immunity provides that sovereign immunity from suit is waivable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.

Ct. 1347, 1361, 39 L. Ed. 2d 662 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed. 2d 804 (1959)). Nothing in the record before this Court indicates that Mississippi intended to waive its immunity in this case. Accordingly, Plaintiff's claims are barred by sovereign immunity and not subject to waiver.

### *(iii)    Ex parte Young Doctrine*

The third and final exception to Eleventh Amendment immunity is a state's amenability to suit under the *Ex parte Young* doctrine. To overcome Eleventh Amendment immunity, the plaintiff must bring an action grounded in federal law for monetary relief that is "ancillary" to injunctive relief against named state officials. *Edelman*, 415 U.S. at 667–68, 94 S. Ct. 1347. *Ex parte Young* allows suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause to the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)).

Based on the foregoing, Plaintiff's official-capacity claims against Defendant are not permitted under *Ex parte Young*, because Plaintiff fails to allege an ongoing violation of federal law and fails to seek the proper relief. Plaintiff's complaint outlines specific alleged actions taken by Defendant during a particular traffic stop in 2013; these allegations do not support an ongoing violation of federal law. Even the most liberal reading of Plaintiff's complaint does not reveal

any claim for prospective relief to end a continuing violation of federal law as is required under *Ex parte Young*. Further, Plaintiff's complaint requests compensatory damages and punitive damages for her alleged injuries inflicted by Defendant during the subject traffic stop. The damages sought cannot be characterized as "prospective, injunctive relief, or relief that is ancillary to prospective relief," *see Walker*, 381 F. App'x at 478, but are instead sought to remedy alleged past wrongs.

For all of the foregoing reasons, Plaintiff's official-capacity claims against Defendant are barred by sovereign immunity. Therefore, Defendant's motion to dismiss is granted on this ground. The Court now examines whether Plaintiff's individual-capacity claims against Defendant are barred by *Heck v. Humphrey*.

### B. *Heck v. Humphrey*

As stated above, Defendant also argues in his motion to dismiss that the individual-capacity claims against Defendant are barred by *Heck*, because at the time the motion was filed, the criminal convictions were pending on appeal to the Mississippi Court of Appeals. However, as stated above, on June 27, 2017, the Mississippi Court of Appeals issued a decision affirming the Circuit Court of Monroe County as to the speeding conviction, but reversing that court as to the four other misdemeanor convictions, as follows: resisting arrest, disorderly conduct, public profanity, and disturbing the peace. *See* Miss. Ct. of Appeals' Disposition [14-1] at 10.

"An excessive force claim is *Heck*-barred if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction." *Hall v. Abilene's Task Force*, No. 15-10836, 2017 WL 1040587, at *1 (5th Cir. Mar. 16, 2017) (per curiam) (citing *Bush v. Strain*, 513 F.3d 492, 497–98 & n.14 (5th Cir. 2008)); *see DeLeon v. City of Corpus Christi*,

*Tex.*, 488 F.3d 649, 656–57 (5th Cir. 2007). "Under *Heck*, 'a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence' has been in some way reversed or invalidated." *Ducksworth v. Rook*, 647 F. App'x 383, 385–86 (5th Cir. 2016) (per curiam) (citing *Bush*, 513 F.3d at 497). If claims are barred by *Heck*, the Court must dismiss those claims with prejudice to their being asserted again until the *Heck* conditions are met. *See DeLeon*, 488 F.3d at 657 (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)). A plaintiff may only bring *Heck*-barred claims in the court if he later shows that his " 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' " *Palmer v. Sessions*, No. 16-50102, —— F. App'x ——, 2017 WL 2274293, at *1 (5th Cir. May 23, 2017) (quoting *Heck*, 512 U.S. at 486-87, 114 S. Ct. 2364).

Based on the foregoing, the Court finds that given the record in the case *sub judice*, because Plaintiff's state-court convictions for resisting arrest, disorderly conduct, public profanity, and disturbing the peace have been reversed by the Mississippi Court of Appeals on appeal, Plaintiff may proceed with her individual-capacity claims against Defendant. Such claims shall not be dismissed due to *Heck*. Therefore, Defendant's motion to dismiss is denied as to this ground.

### III. Conclusion

In sum, Defendant Matthew Hood's motion to dismiss [9] is GRANTED IN PART AND DENIED IN PART, as follows: (1) GRANTED insofar as Defendant is sovereignly immune from suit on the official-capacity claims, and (2) DENIED insofar as Plaintiff's claims against

Defendant are not barred by *Heck v. Humphrey*. Therefore, the official-capacity claims are DISMISSED, but the individual-capacity claims shall PROCEED against Defendant.

An order in accordance with this opinion shall issue this day.

THIS, the 29 day of September, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE