# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

| | |
|---|---|
| **KIM COLLINS** | **PLAINTIFF** |
| **V.** | **Civil No. 1:16-cv-00007-GHD-DAS** |
| **MATTHEW HOOD** | **DEFENDANT** |

## MEMORANDUM OPINION

Presently before this Court are two motions: Defendant Matthew Hood's second motion [20] to dismiss, and Plaintiff Kim Collins' motion [31] for leave to amend her complaint. For the following reasons the Court finds that: 1) the motion for leave to amend should be denied; and 2) the motion to dismiss should granted in part and denied in part.

### Factual and Procedural History

In this 42 U.S.C. § 1983 case, Collins sues Hood, a Mississippi Highway Patrolman, for alleged constitutional violations that occurred during a traffic stop. Collins alleges that during a traffic stop and arrest in January 2013, Hood violated Collins's First Amendment right to free speech; Fourth Amendment rights to be free from unreasonable seizure and excessive force; and Fourteenth Amendment due process rights. Collins also asserts a tort claim for damages inflicted on Collins because of Hood's "intentional, reckless, or negligent actions." Am. Compl. [5] ¶ 25.

More specifically, Collins alleges that Hood pulled her over for speeding and issued her a citation. *Id.* ¶¶ 6-10. While Hood was issuing the citation, Collins questioned why Hood was ticketing her, and after Hood issued the citation, Collins told Hood she "would be calling his boss." *Id.* Hood ordered Collins to drive away, but as Collins did so, Hood ordered her to stop the vehicle. *Id.* ¶ 11.

Hood approached the vehicle, and ordered Collins to exit, while Collins objected. *Id.* ¶ 12. Hood informed Collins he was placing her under arrest and attempted to remove her from the vehicle. Once Hood had removed Collins from the vehicle, he attempted to handcuff her. *Id.* ¶ 13. Collins admits to resisting Hoods attempts to handcuff her. While Collins resisted, Hood threw her to the ground, injuring Collins, and ultimately handcuffed her. *Id.*

After the arrest Collins was charged with, and convicted of, resisting arrest, disorderly conduct, speeding, disturbing the peace, and public profanity in the Circuit Court of Monroe County. She appealed those convictions to the Mississippi Court of Appeals. On June 27, 2017, the Mississippi Court of Appeals issued a decision affirming the Circuit Court of Monroe County as to the speeding conviction, but reversing that court as to the misdemeanor convictions for resisting arrest, disorderly conduct, public profanity, and disturbing the peace. *Collins v. State*, 223 So.3d 817 (Ct. App. Miss. 2017).

On January 19, 2016, while the appeal of her criminal convictions was pending, Collins filed her initial complaint in the case *sub judice* against Hood, in both his individual and official capacities, the State of Mississippi, and the Mississippi Highway Patrol. Before an answer was filed, Collins amended her complaint to include only Hood in his individual and official capacity as a defendant, and removing the State of Mississippi and the Mississippi Highway Patrol as defendants.

Hood filed a first motion to dismiss arguing that Collin's official-capacity claims should be dismissed due to sovereign immunity and that the individual-capacity claims should be dismissed based on *Heck v. Humphrey*, 512 U.S. 447, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). This Court dismissed the official-capacity claims, but found that the individual capacity-claims were not *Heck*-barred.

On October 24, 2017, Hood filed a second 12(b)(6) motion [20] to dismiss, arguing that he was entitled to qualified immunity and that the amended complaint failed to state a claim. On January 5, 2018, Collins filed a motion [31] for leave to amend the complaint.

The Court will first decide whether Collins' should be permitted to amend her complaint, and if it declines to grant leave, the Court will analyze Hood's motion to dismiss.

## Legal Standards

### 1. Motion for Leave to Amend

A court should freely give leave to amend a pleading when justice requires. FED. R. CIV. P 15(a)(2). "In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed.R.Civ.P. 15(a) 'evinces a bias in favor of granting leave to amend.' " *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir.1981)).

However, "[t]he district court may deny leave to amend if the amendment would be futile because 'the amended complaint would fail to state a claim upon which relief could be granted.' " *McGee v. Citi Mortage, Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017)(quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). To determine whether the amended complaint is futile, the court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 873.

### 2. Motion to Dismiss under 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Collins' Motion for Leave to Amend

Collins' second amended complaint contains identical factual allegations as her first proposed complaint regarding her encounter with Hood. *Compare* Am. Compl. ¶¶ 5-18 *with* Proposed Second Am. Compl. [31-1] ¶¶ 5-18. Collins' first amended complaint contains: 1) a claim that Hood violated Collins First, Fourth, and Fourteenth Amendment rights by subjecting her to a false arrest in retaliation for her speech, and by using excessive force to effectuate the arrest; 2) an undefined and general tort claim that Hood committed during the incident; and 3) a claim for punitive damages. Pl's Am. Compl. ¶¶ 22-27

4

Collins' second amended complaint contains seven claims. Claims 1 (false arrest), 2 (excessive force), and 7 (First Amendment retaliation) appear to be the § 1983 claims contained in the first amended complaint. Second Am. Compl. ¶¶ 24-29, 34-35. Rather than an undefined tort claim, the second amended complaint lists claims for false imprisonment (Claim 3), malicious prosecution (Claim 4), assault and battery (Claim 5), and intentional infliction of emotional distress (Claim 6). Second Am. Compl. ¶¶ 30-33. Notably, Collins asserts these claims not as state-law tort claims but as § 1983 claims.

Collins' states that one reason for amending her complaint is to "assert a new claim, Malicious Prosecution . . . ." Memo. in Supp. of Pl's Motion for Leave to Am. [32] at pgs. 2-3. However, the Fifth Circuit has held that there is "no such freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). As the Court stated:

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953. "To the point, causing charges to be filed without probable cause will not without more violate the Constitution." *Id.*

Thus, if there exists a separate malicious prosecution claim, it could only exist if it lead to other constitutional violations. The basis for Collins claim that she was subject to malicious prosecution is that Hood initiated criminal charges for resisting arrest, disorderly conduct, public profanity, and disturbance of the peace, which were subsequently overturned on appeal. But the initiation of actual criminal charges occurred *after* her arrest. As stated in the complaint, the

5

decision to charge her did not lead to any further constitutional violations. The false arrest and use of excessive force Collins complains of had already occurred. Thus, the second amended complaint seeks to add a separate malicious prosecution claim upon which relief cannot be granted.

Further, the second amended complaint also attempts to assert duplicative § 1983 claims. The second amended complaint, in addition to Fourth Amendment false arrest and excessive force claims and First Amendment retaliation claims, asserts Fourth Amendment claims for false imprisonment, assault and battery, and intentional infliction of emotional distress.

Section 1983 is not a source of substantive federal rights. *Albright v. Oliver*, 510 U.S. 266, 270 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (plurality opinion) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979)). To state a claim under § 1983 a plaintiff must point to a violation of a specific federal right. *Id.* Collins does not point to specific federal right to be free from "false imprisonment" or "assault and battery." The Constitution does not secure those rights. It secures the right to be free from "unreasonable searches and seizures". U.S. CONST. AMEND. IV. Collins has already plead her claim that Hood violated her rights by pleading her false arrest and excessive force claims. She did not sustain a constitutional injury if Hood used excessive force against her and a separate constitutional injury if Hood also committed assault and battery while arresting her. She sustained only one constitutional injury – the right to be free from an unreasonable seizure. Thus, her second amended complaint attempts to assert claims that would ultimately be dismissed as duplicative. *See White v. United States*, 507 F.2d 1101, 1103 (5th Cir.1975)("[N]o duplicating recovery of damages for the same injury may be had.")

For these reason's the Court finds that the new claims of the second amended complaint are ultimately futile, and therefore the motion [31] for leave to amend should be denied. The Court will proceed to analyze Hood's motion to dismiss.

## Hood's Motion to Dismiss

Collins amended complaint alleges causes of actions for several constitutional violations as well as tort claims. The constitutional claims are these: First, Hood violated Collins' Fourth Amend rights to be free from unreasonable search and seizure by arresting her without probable cause and by using excessive force during the arrest. Second, that Hood violated Collins' First Amendment rights by arresting her in retaliation for exercising her right to speak freely. The amended complaint further alleges that Hood is liable for his intentional, reckless, or negligent actions that caused physical injury to Collins.

Hood argues the amended complaint fails to state a claim for four reasons. First, Hood had probable cause to arrest Collins, and thus no First or Fourth Amendment violations occurred when he arrested Collins. Second, Hood is entitled to qualified immunity even if he was mistaken about a lack probable cause. Third, the complaint fails to show that Hood used excessive force when arresting Collins, and even if it did, he is entitled to qualified immunity for that claim. Fourth, that the complaint fails to state a claim for relief for the undefined tort claims, and the Mississippi Tort Claims Act immunizes Hood for the torts under state law.

### 1. Qualified Immunity

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.' " *Lane v. Franks*, —— U.S. ——, ——, 134 S. Ct. 2369, 2381, 189 L. Ed. 2d 312 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). "The doctrine of qualified immunity protects government

officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc).

Qualified immunity is an affirmative defense. However, the "plaintiff has the burden to negate the assertion of . . . immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). " 'When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.' " *Beaulieu v. Lavigne*, 539 F. App'x 421, 424 (5th Cir. 2013) (per curiam) (quoting *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia, Miss.*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc))). The pleading standard for claims brought under § 1983 is heightened and the complaint must state "claims of specific conduct and actions giving rise to a constitutional violation." *Mitchell v., Okolona Sch. Dist.*, No. 1:10-CV-135-D-D, 2011 WL 1226023, at \*2 (N.D. Miss. Mar. 29, 2011)(citing *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)).

" '[A] plaintiff seeking to defeat qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." ' " Da *Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 374 (5th Cir. 2015) (per curiam) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *al-Kidd*, 563 U.S. at 735, 131 S. Ct. 2074)). The plaintiff's complaint must allege facts that, if true, demonstrate that the defendant violated his rights by acting in a way that he or she should have known was unlawful. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996). "Dismissal is warranted 'only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *DeLeon v. City of Dallas, Tex.*, 141 F. App'x 258, 261 (5th Cir. 2005) (per curiam) (quoting *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).

## 2. Fourth Amendment False Arrest and First Amendment Retaliatory Arrest Claims

The Fourth Amendment prohibits arrests made without probable cause. *Blackwell v. Barton,* 34 F.3d 298, 303 (5th Cir.1994). "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Piazza v. Mayne,* 217 F.3d 239, 245–246 (5th Cir.2000)(quoting *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)).

A police officer has qualified immunity if he "reasonably but mistakenly conclude[s] that probable cause is present." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Although a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause, "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

These are the factual assertions of the complaint as they relate to the false and retaliatory arrest claims: On January 21, 2013, Hood pulled Collins over for speeding. Am. Compl. ¶ 5-7. Collins asked Hood why he had pulled her over but not another car which she claimed was going the same speed. *Id.* ¶ 9. Hood issued Collins a citation and then began walking back to his car. *Id.* ¶¶ 9-10. At this point, Collins told Hood that she intended to contact his superior officer. *Id.* ¶ 10. Hood told Collins that she should drive away, but as she began to do so, Hood ordered Collins to stop the car. *Id.* ¶ 11. Hood ordered Collins to exit the vehicle. *Id.* ¶ 12. Collins questioned why she needed to exit the car and told Hood that "I'll call your boss; I'm reporting you. I can say what

I want to say; it's a free country." *Id.* Hood informed Collins he was placing her under arrest and proceeded to remove her from the vehicle and place her in handcuffs. *Id.* ¶ 12-13.

Hood first contends that no constitutional violation occurred, because he had probable cause to arrest Collins' for speeding, and second, because he had probable cause to arrest Collins for disturbing the peace based on the facts and circumstances within his knowledge. In the alternative, Hood argues that he held a mistaken, but reasonable, belief that probable cause existed to arrest Collins for those crimes. These arguments fail for several reasons

First, it is apparent that once Hood ordered Collins to leave, the traffic stop had ended, and Hood needed a new justification to further detain her. The Supreme Court has likened traffic stops to *Terry* stops. *Knowles v. Iowa*, 525 U.S. 113, 117, 119 S. Ct. 484, 488, 142 L. Ed. 2d 492 (1998). A lawful traffic stop may become unlawful when it "it is prolonged beyond the time reasonably required to complete [the] mission," of the stop – in this case addressing the speeding infraction. *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 834, 837, 160 L. Ed. 2d 842 (2005); *see also Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (plurality opinion) ("The scope of the detention must be carefully tailored to its underlying justification."). From the facts of the complaint it is clear that Hood had completed the "mission" of the stop, because he had issued Collins' a citation and then ordered her to leave. Thus, the justification for the stop had ended, and he had no authority to further detain Collins unless he suspected a new crime had occurred. This was clearly established at the time of the arrest, and thus Hood could not reasonably believe he could arrest Collins for speeding.

Second, nothing of Collins actions in the complaint shows conduct that a reasonable officer would believe could constituted a new crime after the stop had ended. Collins alleges that after Hood issued the citation, Collins told him she intended to contact his superior officer. Hood

ordered Collins to leave, but then decided to arrest her. An officer of reasonable competence would not believe Collins' actions in the complaint constituted a crime.

The Court is aware – from the Mississippi Court of Appeals opinion reversing Collins' convictions – that Hood claims Collins called him a "racist motherf-----" as he was walking away from Collins. *Collins*, 223 So.3d at 818. Hood claims it was that exchange that gave him a reasonable belief that Collins had committed a crime. That factual allegation, however, is not contained nor referenced in the complaint, and it would be inappropriate to consider it on a motion to dismiss. Thus, as the facts are stated in the complaint, Hoods could not have had a reasonable belief that Collins had committed a breach of the peace.

But even if the Court were to consider such evidence, it would still not show that Hood was entitled to qualified immunity. The Supreme Court has consistently held that the First Amendment "protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); *Lewis v. City of New Orleans,* 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974). The Mississippi Supreme Court has held that when a deputy arrested a man for calling him a "child killing motherf-----" and swearing at him, the deputy did so without "sufficient evidence to believe that a breach of the peace was being threatened or a crime was about to be committed." *Jones v. State*, 798 So. 2d 1241, 1246-48 (Miss. 2001). It was clearly established at the time, that Hood's could not arrest Collins' simply because she called him a "racist motherf-----. Accordingly, the Court finds that the complaint states a valid Fourth Amendment false arrest claim that defeats an assertion of qualified immunity.

Hood's lack of reasonable belief that he had probable cause to arrest Collins also defeat's qualified immunity with respect to the First Amendment claim. "It has long been clear that

'[f]reedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action.' " *Brendle v. City of Houston, Miss.*, 177 F. Supp. 2d 553, 557 (N.D. Miss. 2001) (quoting *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 570, 62 S.Ct. 766, 768, 86 L.Ed. 1031 (1942). The validity of a First Amendment claim may depend on whether probable cause exists for the arrest. "If [probable cause] exists, any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008).

Collins contends in her complaint that she told Hood she "would be calling his boss." Pl. Am. Compl. ¶ 10. Hood then told her to leave, but as she did, he directed her to stop and exit the vehicle. *Id.* ¶ 11. Collins questioned why she was being stopped a second time, and told Hood "I'll call your boss; I'm reporting you. I can say what I want to say; it's a free country." *Id.* ¶ 12. Thus, at the least, the complaint states a claim that Hood initiated his arrest of Collins because she threatened to contact his superior officer – a violation of a clearly established right. The complaint, therefore states a First Amendment claim that defeats qualified immunity.

### 3. Excessive Force

Excessive force claims are analyzed under the Fourth Amendment and its "reasonableness" standard. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 446 (5th Cir. 1998) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). To succeed on an excessive force claim, the plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703, *clarified*, 186 F.3d 633, 634 (5th Cir. 1999). The plaintiff must demonstrate that he "suffered at least some form of injury" from the

defendant's actions that is more than *de minimis. Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th

Cir. 2001) (quotation marks omitted). The degree of injury necessary to meet this requirement is

related to the amount of force that was constitutionally permissible under the facts of the case.

*Williams v. Brammer*, 180 F.3d 699, 703–04 (5th Cir. 1999). Notably, the Court must analyze the

excessive force claim "without regard to whether the arrest itself was justified." *Freeman v. Gore*,

483 F.3d 404, 417 (5th Cir. 2007); *Brooks v. City of W. Point, Miss.*, 639 F. Appx 986, 990 (5th

Cir. 2016); *see also, e.g., Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir.2007) (en banc)

("[I]n a case where police effect an arrest without probable cause ... but use no more force than

would have been reasonably necessary if the arrest or detention were warranted, the plaintiff has

a claim for unlawful arrest or detention but not an additional claim for excessive force.")

Collins alleges that after Hood informed her that he was placing her under arrest he

attempted to forcefully remove her from the vehicle. Am. Compl. ¶ 13. Collins resisted Hood's

attempt to remove her. *Id.* Once Hood had removed Collins from vehicle, he attempted to handcuff

her. *Id.* Collins admits that she continued to resist Hood's efforts to handcuff. *Id.* Hood then threw

Collins to the ground, and succeed in handcuffing her. *Id.* Collins alleges that as a result of being

thrown to the ground she suffered a torn anterior cruciate ligament and a torn meniscus. *Id.* ¶ 18.

The Court must determine whether, taking those facts as true, forcibly removing Collins

from the car and throwing her to the ground was both clearly excessive to the need, and whether

it was objective unreasonable for Hood to use that amount of force. At the time of the arrest, the

law was clearly established that the right to make an arrest " 'necessarily carries with it the right

to use some degree of physical coercion or threat thereof to affect it.' " *Sacuier v. Katz*, 533 U.S.

194, 208, 121 S.Ct. 2151, 150 L.Ed.2d 396 (2001) (quoting *Graham v. Conner*, 490 U.S. 386, 396,

109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)); But, "the permissible degree of force depends on the

severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and *whether the suspect was resisting arrest* or attempting to flee.". *Bush v. Strain,* 513 F.3d 492, 502 (5th Cir.2008)(emphasis added).

In light of Collins admissions that she resisted both Hood's attempts to remove her from the car and his attempts to handcuff her, the complaint fails to show that the degree of force Hood used was clearly excessive to the need, and it fails to show that the use of that force was objectively unreasonable. Hood was entitled to use some force because Collins was resisting. The complaint does not allege Hood used a degree of force – throwing Collins to the ground – that is clearly excessive to Collins resistance. Physically struggling and being noncompliant with officers warrants the use of some force. *See Williams v. City of Cleveland, Miss.,* 736 F.3d 684, 688 (5th Cir. 2013). Had the complaint alleged Collins was compliant with Hoods attempts, or that Hood had continued to use force after handcuffing Collins, the outcome might be different. *See, e.g. Coons v. Lain,* 277 Fed. App'x 467, 470 (5th Cir. 2008) (finding genuine issues of material fact existed as to whether plaintiff was complying with officer's directions, and thus whether force used was warranted); *Cruz v. Coronado,* No. 5:12-CV-123-C, 2013 WL 12124252, at *9 (N.D. Tex. Apr. 24, 2013) (finding genuine issue of fact existed as to whether plaintiff had been subdued, and was therefore no longer a threat, when officer kicked and punched plaintiff.) But in the case *sub judice*, the complaint does not allege clearly unreasonable actions on the part of Hood. Accordingly, the excessive force claim should be dismissed.

### 4. Undefined Tort Claim

Collins also alleges that liable for "all intentional, reckless, or negligent actions, which caused physical injury to [Collins]. Pl. Compl. ¶ 25. The complaint does not specify whether she brings this claim under federal or state law.

As discussed above, in order to state a claim under § 1983, a plaintiff must point to a violation of a specific federal right. *Albright*, 510 U.S. at 270, 114, S. Ct. at 811. If the torts referred to in this claim are the false arrest, retaliatory arrest, and excessive force claims, then they have been plead already. If there are other constitutional torts, then it is plaintiff's burden to show that defendant violated a specific federal right. Collins has not met that burden.

To the extent that this is a state law tort claim, Hood argues that he is immune from the claims under the Mississippi Tort Claims Act ("MTCA"), and that any claims for intentional torts fall outside of the statute of limitations. Collins argues that he has stated a claim for negligence at the least, and that Hood is not immune under the MTCA because he was not acting in an official capacity when he committed the torts.

The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code. Ann. § 11-46-7(2). The section further states that "[f]or the purposes of this chapter an employee shall not be considered as acting within the course and scope of his . . . for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." *Id.*

Whether Collins state-law tort claim is one for negligence or for intentional torts, it must be dismissed. Although Collins argues that Hood was not acting in his official capacity because "his actions were objectively unreasonable in light of clearly established law," Resp. to Mot. to Dismiss [26], pg. 24, it is that determination that Hood's conduct constituted "fraud, malice, libel, slander, defamation or any criminal offense," that is controlling to determine immunity under the statute. Miss. Code. Ann. § 11-46-7(2). If Hood was acting only with negligence, then his conduct did not constitute "fraud, malice, libel, slander, defamation or any criminal offense." *Id.* Hood was,

therefore, acting within the scope of his employment and he is immune under the statute. *See Jones v. Baptist Memorial Hospital*, 735 So.2d 993, 997 (Miss. 1999); *see also Meaux v. Mississippi*, No. 1:14-CV-323-KS, 2015 WL 3549579, at *5 (S.D. Miss. June 8, 2015) ("If [defendant officer] was merely negligent . . . he cannot be said to have engaged in conduct constituting fraud, malice, libel, slander, defamation or any criminal offense under section 11-46-7(2)") (internal citations omitted). If Hood's actions did constitute an intentional tort, such that he was acting outside the scope of employment, they are time-barred under Mississippi's one-year statute of limitations for such claims, Miss. Code Ann. § 15-1-35, because they accrued on the date Collins was arrested, January 21, 2013, and this suit not filed until January 19, 2016. *See Brooks v. Pennington*, 995 So.2d 733, 737–38 (Miss. Ct. App. 2007) (holding that a "complaint for false arrest and false imprisonment accrue [s] on the date of arrest") (quoting *Parker v. Mississippi Game & Fish Comm'n*, 555 So.2d 725, 727 (Miss. 1989)); *Woods v. Carroll County*, No. Civ. Action No. 4:07-CV-94-SA, 2008 WL 4191738, 3 (N.D. Miss. 2008) (holding that tort claim for assault and battery accrues on the date of the subject incident) (citing *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1217 (Miss.1990)). Numerous federal courts in this state have applied this limitation to dismiss state-law intentional tort claims brought alongside § 1983 claims. *See, e.g., Meaux*, 2015 WL *4; *Kilgo v. Tolar*, No. 1:13-CV-229-SA, 2015 WL 3484533, at *5 (N.D. Miss. June 2, 2015) *Lee v. Yazoo Cty., Miss.*, No. 5:11-CV-165-DCB, 2012 WL 5287868, at *2 (S.D. Miss. Oct. 24, 2012.) No matter what torts constitute the basis for Collins' claims, they are due to be dismissed.

### Conclusion

For the foregoing reasons the Court finds that Collins' second amended complaint contains claims for which relief could not be granted. Therefore, Collins' should not be granted leave to amend her complaint, and the motion for leave to amend should be denied.

The Court finds that the amended complaint states a claim that could defeat qualified immunity with respect to Collins' First Amendment retaliatory arrest claim and her Fourth Amendment false arrest claim. However, the Court finds that Hood is entitled to qualified immunity for Collins' Fourth Amendment excessive force claim because Collins admits to resisting Hoods' attempts to arrest her. Finally the Court finds the general tort claim fails to state a claim under either federal or state law, and therefore should be dismissed. Accordingly, the motion to dismiss should be granted in part and denied in part.

An order in accordance with this opinion shall issue this day.

This, the _____ day of February, 2018.

_____
SENIOR U.S. DISTRICT JUDGE